```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
                Case No. 15-20473-Cr-UNGARO

UNITED STATES OF AMERICA,     )
                              )
         Plaintiff,           )
                              )
    -v-                       )
                              )
MICHAEL RUNYAN,               )
                              ) Miami, Florida
         Defendant.           ) August 31, 2015
                              ) 1:44 p.m.
```

                    Pages 1-14

            TRANSCRIPT OF PLEA COLLOQUY

         BEFORE THE HONORABLE URSULA UNGARO

                U.S. DISTRICT JUDGE


APPEARANCES:

For the Government         MICHAEL R. SHERWIN and MICHAEL BERGER
                           Assistant U.S. Attorneys
                           99 Northeast 4th Street
                           Miami, Florida  33132-2111


For the Defendant          BRUCE S. ROGOW, ESQ.
                           Plaza 100 - Suite 1000
                           100 Northeast 3rd Avenue
                           Fort Lauderdale, Florida  33301




REPORTED BY:               WILLIAM G. ROMANISHIN, RMR, FCRR, CRR
(305) 523-5558             Official Court Reporter
                           400 North Miami Avenue
                           Miami, Florida  33128


STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

```
 1                  (Call to order of the Court)
 2              THE COURT:  Okay.  Good afternoon.
 3              So the case before the Court is the United States
 4   versus Michael Runyan for a plea, 15-20473.
 5              Everyone in the audience can have a seat.
 6              Who's here for the United States?
 7              MR. SHERWIN:  Good afternoon, Judge.  AUSAs Michael
 8   Sherwin and Michael Berger for the Government.
 9              THE COURT:  Okay.  Fine.  Thank you.
10              And who's here for Mr. Runyan.
11              MR. ROGOW:  Bruce Rogow for Michael Runyan.
12              THE COURT:  And we're here for a change of plea.
13              MR. ROGOW:  We are.
14              THE COURT:  Okay.  So we're going to swear Mr. Runyan
15   in.
16         MICHAEL RUNYAN, DEFENDANT, SWORN
17              THE COURTROOM DEPUTY:  Have a seat, please.
18              Would you state your name and your age.
19              THE DEFENDANT:  Michael Runyan, 66.
20              THE COURT:  Okay.  Mr. Runyan, you've been placed
21   under oath and I'm going to ask you some questions, and you
22   need to understand that if you answer my questions falsely,
23   you could later be prosecuted for perjury or for making a
24   false statement.
25              Do you understand that?
```

```
1                THE DEFENDANT:  Yes, ma'am.
2                THE COURT:  Are you having trouble hearing me?
3     There's an acoustics problem in this courtroom.
4                THE DEFENDANT:  Well, I'm deaf in one ear and I have
5     the working hearing aid, so patience with me.
6                THE COURT:  Okay.  I'll go slowly.
7           Now, how far did you go in school?
8                THE DEFENDANT:  College four years.
9                THE COURT:  And have you ever been treated for a
10    mental illness or for an addiction to narcotics or alcohol?
11               THE DEFENDANT:  No, ma'am.
12               THE COURT:  And are you currently under the influence
13    of any drugs, alcohol or medication?
14               THE DEFENDANT:  No, ma'am.
15               THE COURT:  Now, have you received a copy of the
16    information against you -- that's the document that has the
17    charges against you in it -- and first let me ask you did you
18    go before the magistrate judge and waive indictment so that we
19    could proceed by information?
20               THE DEFENDANT:  Yes, ma'am.
21               THE COURT:  And have you had a full opportunity to
22    review the information and to discuss the charges in it with
23    Mr. Rogow and the facts of your case and any defenses that you
24    might have?
25               THE DEFENDANT:  Yes, ma'am.
```

1       THE COURT: And are you fully satisfied with the
2  counsel, representation and advice that you've received from
3  Mr. Rogow in this case?
4       THE DEFENDANT: Yes, ma'am.
5       THE COURT: Now, I also have in front of me the
6  written plea agreement that you've entered into with the
7  United States. Before you signed it did you have a full
8  opportunity to review the plea agreement and to discuss it
9  with Mr. Rogow?
10      THE DEFENDANT: Yes, ma'am.
11      THE COURT: And do you understand each and every term
12  of the plea agreement?
13      THE DEFENDANT: Yes, ma'am.
14      THE COURT: Okay. So, then, in the interest of time
15  I'm not going to go over every term of the plea agreement with
16  you but I do want to go over some of the more important terms.
17      So under the plea agreement the first thing it says
18  is that you agree to waive indictment, and then it says that
19  you are agreeing to plead guilty to Count 1 of the superseding
20  information, which charges you with conspiracy to steal
21  Government money and property, in violation of Title 18,
22  United States Code, Section 371.
23      The agreement goes on to say that you understand that
24  you will be sentenced at a later date after I have the
25  opportunity to consider a presentence report prepared by the

probation office and the advisory Federal Sentencing Guidelines as they apply to your case.

The agreement also says that by pleading guilty to Count 1, you are agreeing that I have the jurisdiction and the authority to impose any sentence up to the maximum permitted by law for that offense.

The agreement further states that you and the United States have agreed, although not binding on me or on the probation office, to jointly recommend that I make certain findings and conclusions with respect to the application of the advisory Federal Sentencing Guidelines; and what the agreement says is that you will jointly recommend a base offense level of 6; that the loss amount is between $20 million and $50 million resulting in a 22-level enhancement; and that there should be a three-level reduction for acceptance of responsibility.

The agreement further states that at sentencing the United States will recommend that I reduce by at least two levels the Sentencing Guideline level applicable to the offense to which you're pleading guilty based upon such considerations as your timely recognition and affirmative acceptance of personal responsibility provided you make full, accurate and the complete disclosure to the probation office of the circumstances surrounding your relevant criminal conduct in connection with its preparation of the presentence

1	report; provided you haven't misrepresented anything to the
2	Government prior to entering into the plea agreement; and
3	provided that you don't commit any misconduct after entering
4	into the plea agreement, including withholding any information
5	or making any false statements in connection with your
6	anticipated cooperation.
7	      The agreement further states in paragraph 10 that you
8	agree that you're going to cooperate fully with the local
9	United States Attorney's Office by providing truthful and
10	complete information and testimony, and producing documents,
11	records and other evidence when called upon to do so, whether
12	in interviews, grand jury proceedings, trials, hearings, other
13	judicial proceedings, or meetings; and, if requested by the
14	U.S. Attorney's Office, by working in an undercover role while
15	under the supervision of, and in compliance with, the
16	directions of law enforcement officers and agents.
17	      The agreement then says that if, in the sole and
18	unreviewable judgment of the U.S. Attorney's Office, your
19	cooperation is of such quality and significance to the
20	investigation or prosecution of other criminal matters as to
21	warrant the Court's downward departure from the advisory
22	sentencing range calculated under the Sentencing Guidelines,
23	the U.S. Attorney's Office may make a motion prior to
24	sentencing, at sentencing, or after sentencing, to the extent
25	permitted by law, saying you've provided substantial

1  assistance and recommending a sentence reduction.
2          However, you have specifically acknowledged and
3  agreed that nothing in the agreement can be construed as
4  requiring the U.S. Attorney's Office to file such a motion,
5  and that even if the U.S. Attorney's Office files such a
6  motion, I am under no obligation to grant the motion.
7          The agreement also makes clear that if you withdraw
8  from the plea agreement, any factual statement to which you
9  have admitted would be usable against you by the U.S.
10 Attorney's Office and could be introduced into evidence at any
11 criminal proceeding that the U.S. Attorney's Office might
12 initiate.
13         With respect to forfeiture, the agreement states that
14 you are agreeing to voluntarily and immediately forfeit to the
15 United States any right, title or interest in any property
16 which is subject to forfeiture on account of the offenses
17 alleged in the information, including $1,147,480 plus accrued
18 interest to be paid upon entry of your guilty plea.
19         The agreement further states that you agree to assist
20 the U.S. Attorney's Office in connection with any forfeiture
21 proceedings by identifying any assets which are subject to
22 forfeiture, by delivering upon request any documentation
23 necessary for the United States to obtain the forfeiture of
24 any property, and to entry of an order enjoining the transfer
25 or encumbrance of any assets that might be identified as being

1  subject to forfeiture.

2          The agreement further contains a partial waiver of
3  your appeal rights.  Under the agreement you are giving up
4  your right to appeal any sentence imposed, including any
5  restitution order, or to appeal the manner in which the
6  sentence was imposed unless the sentence exceeds the maximum
7  permitted by statute or is the result of an upward departure
8  or upward variance from the guideline range established at
9  sentencing.  However, if the United States were to appeal your
10 sentence, then under the agreement you would be able to appeal
11 on any basis.

12         Additionally, the agreement states that you have
13 discussed the appeal waiver set forth in the agreement with
14 Mr. Rogow.

15         Now, is there anything about those terms and
16 conditions or any other term and condition of this plea
17 agreement that you do not understand?

18         THE DEFENDANT:  No, ma'am.

19         THE COURT:  And has anybody offered you anything,
20 promised you anything, or assured you of anything other than
21 what's in the plea agreement in order to induce you to enter a
22 plea of guilty to Count 1?

23         THE DEFENDANT:  No, ma'am.

24         THE COURT:  And has anybody threatened you, coerced
25 you or forced you in any way to enter a plea of guilty to

```
 1   Count 1?
 2              THE DEFENDANT:  No, ma'am.
 3              THE COURT:  And do you understand that the offense to
 4   which you are pleading guilty is a felony and that if your
 5   plea is accepted by the Court you will be adjudged guilty of a
 6   felony, and as a result you will lose valuable civil rights,
 7   such as the right to possess a firearm, the right to vote, the
 8   right to serve on a jury and the right to hold public office?
 9              THE DEFENDANT:  Yes, ma'am.
10              THE COURT:  All right.  Now, as the agreement states,
11   the maximum possible penalty provided by law for the offense
12   to which you're pleading guilty is five years in prison.  Any
13   term of imprisonment will have to be followed by a term of
14   supervised release not exceeding three years.  The Court could
15   impose a fine of up to $250,000 or twice the gross gain or
16   loss resulting from the offense.  The Court will be required
17   to order restitution; and a $100 assessment will be imposed
18   against you.
19              Do you understand that those are the maximum
20   consequences that could result from your entering a plea of
21   guilty to Count 1?
22              THE DEFENDANT:  Yes, ma'am.
23              THE COURT:  Now, have you and Mr. Rogow talked about
24   how the advisory Federal Sentencing Guidelines might apply in
25   your case?  The guidelines.
```

1            THE DEFENDANT:  Yes.
2            THE COURT:  And do you understand that I will not be
3    able to determine the guideline sentence for your case until
4    after the presentence report has been prepared by the
5    probation office, and you and the Government have had the
6    opportunity to challenge the facts reported by the probation
7    office and the application of the guidelines recommended by
8    the probation office?
9            THE DEFENDANT:  Yes, ma'am.
10           THE COURT:  And do you understand that the sentence
11   ultimately imposed could be different from any estimate that
12   Mr. Rogow or anyone else may have given you, and that if your
13   sentence is more severe than you expect, you will still be
14   bound by your guilty plea and you will not be able to withdraw
15   it?
16           THE DEFENDANT:  Yes, ma'am.
17           THE COURT:  And do you understand that I have the
18   authority in some circumstances to impose a sentence that is
19   more severe or less severe than the sentence called for by the
20   guidelines?
21           THE DEFENDANT:  Yes, ma'am.
22           THE COURT:  And do you understand that parole has
23   been abolished and that if you are sentenced to prison you
24   will not be released on parole?
25           THE DEFENDANT:  Yes, ma'am.

1            THE COURT:  Now, the law requires that we go over the
2    rights you would have had had you gone to trial to make sure
3    you understand those rights and that you're voluntarily giving
4    them up.
5            Do you understand that you have the right to plead
6    not guilty to any charge against you and to persist in that
7    plea and that then you would have the right to a trial by
8    jury?
9            THE DEFENDANT:  Yes, ma'am.
10           THE COURT:  And do you understand that at such a
11   trial you would be presumed to be innocent and the United
12   States would be required to prove your guilt beyond a
13   reasonable doubt?
14           THE DEFENDANT:  Yes, ma'am.
15           THE COURT:  And do you also understand that at such a
16   trial you would have the right to the assistance of counsel
17   for your defense; if you could not afford a lawyer, a lawyer
18   would be appointed to represent you; that you would have the
19   right to see and hear all of the witnesses and have them
20   cross-examined on your behalf; that you would have the right
21   on your own part not to testify unless you voluntarily elected
22   to do so in your own defense; and you would have the right to
23   the issuance of subpoenas or compulsory process to compel the
24   attendance of witnesses to testify on your behalf?
25           THE DEFENDANT:  Yes, ma'am.

```
 1              THE COURT:  And do you further understand that by
 2   entering a plea of guilty to Count 1, as contemplated by your
 3   plea agreement, you are giving up your right to a trial as
 4   well as those other rights associated with a trial that I've
 5   just described to you?
 6              THE DEFENDANT:  Yes, ma'am.
 7              THE COURT:  All right.  Now, I have in front of me a
 8   document called a Factual Proffer which appears to have been
 9   signed by you.  Did you sign it?
10              THE DEFENDANT:  Yes, ma'am, I did.
11              THE COURT:  And before you signed it, did you have a
12   full opportunity to review it and to discuss it with
13   Mr. Rogow?
14              THE DEFENDANT:  Yes, ma'am.
15              THE COURT:  And do you agree with each and every fact
16   contained in the proffer and is that why you signed it?
17              THE DEFENDANT:  Yes, ma'am.
18              THE COURT:  And now, how do you plead to the charge
19   in Count 1:  Guilty or not guilty?
20              THE DEFENDANT:  Guilty.
21              THE COURT:  Then it's the finding of the Court in the
22   case of the United States versus Michael Runyan in case number
23   15-20473-Criminal that the defendant is fully competent and
24   capable of entering an informed plea; that the defendant is
25   aware of the nature of the charge and the consequences of his
```

1  plea; that his plea of guilty is a knowing and voluntary plea
2  supported by an independent basis in fact containing each of
3  the essential elements of the offense.  His plea is therefore
4  accepted and the defendant is now adjudged guilty of Count 1.
5           So sentencing is scheduled for November 13, 2015, at
6  11:00 a.m.
7           Is that acceptable to everybody?
8           MR. ROGOW:  It is, Your Honor.
9           THE COURT:  I take it Mr. Runyan is going to remain
10 released pending sentencing.
11          MR. ROGOW:  Yes, ma'am.
12          THE COURT:  Mr. Rogow is speaking for the Government.
13          MR. BERGER:  Yes, Your Honor.  Yes.
14          THE COURT:  Okay.  Fine.
15          So, Mr. Runyan, what that means is you need to
16 continue to comply with the terms and conditions of your
17 release.  If you fail to do so you could be incarcerated
18 without notice.
19          Also, if you fail to appear for your sentencing
20 hearing on the date and at the time scheduled, that would be a
21 separate federal offense for which you could be separately
22 prosecuted and consecutively sentenced.
23          Also, you need to keep in mind that between now and
24 the time of sentencing the probation office is going to
25 prepare the presentence report for my consideration at the

1  time of sentencing.  In order to prepare the report the
2  probation office will need information from you.  You always
3  have the right to have Mr. Rogow present when providing
4  information to the probation office.
5         Also, you and Mr. Rogow will have an opportunity to
6  review the presentence report in advance of the sentencing
7  hearing and to file written objections to anything you
8  disagree with; and at the sentencing hearing Mr. Rogow will
9  have an opportunity to speak on your behalf and you will also
10 have the opportunity to speak, if you wish to do so.
11        Anything else as to Mr. Runyan?
12        MR. SHERWIN:  None from the Government, Your Honor.
13 Thank you.
14        MR. ROGOW:  Not from our side, Your Honor.  Thank
15 you.
16        THE COURT:  All right.  Thank you very much.
17   *    *    *    *    *    *    *    *    *    *
18              C E R T I F I C A T E
19
20     I certify that the foregoing is a correct transcript
21 from the record of proceedings in the above-entitled matter.
22
23
24
25